PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT VERNON HILL, JR. dba ZACHARY ADVISORY GROUP,<br><br>Debtor. | Case No. 6:25-bk-10653-RB<br><br>Chapter 7<br><br>Adversary No. [pending assignment] |
| UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA, REGION 16,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT VERNON HILL, JR. dba ZACHARY ADVISORY GROUP,<br><br>Defendant. | **COMPLAINT TO DENY DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(3), (a)(5) & (a)(6)** |

-1-

Plaintiff, United States Trustee for the Central District of California, Region 16 ("U.S. Trustee" or "Plaintiff"), alleges as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. This a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (J) and/or (O).

3. This adversary proceeding arises out of the chapter 7 case filed by debtor Robert Vernon Hill, Jr., doing business as Zachary Advisory Group ("Defendant"), case number 6:25-bk-10653-RB. This proceeding seeks to deny Defendant's discharge. The stipulated deadline for the U.S. Trustee to object to discharge expires after November 14, 2025. This complaint was filed before the deadline expired and is, therefore, timely.

4. To the extent this dispute involves any non-core matters, Plaintiff consents to the entry of final judgment by the Bankruptcy Court.

## II. THE PARTIES

5. Plaintiff is the duly appointed United States Trustee for Region 16, which comprises the judicial district of the Central District of California.

6. Defendant filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code on February 4, 2025 ("Petition Date").

7. Defendant is an individual residing in the State of California and within the Central District of California.

## III. STATEMENT OF STANDING

8. Plaintiff has standing to bring this action under 11 U.S.C. §§ 307 and 727 and Federal Rule of Bankruptcy Procedure 7001(4).

//
//
//
//

## IV. GENERAL ALLEGATIONS

### A. Defendant's Pre-Petition Transactions Require Investigation.

9. Defendant provides tax advisory and consulting services under various trade names, including a sole proprietorship called Zachary Advisory Group ("ZAG").

10. A public records search reveals multiple judgments have been issued against Defendant and that several creditors assert liens against Defendant and his real property.

11. The Chapter 7 Trustee alleges that Defendant engaged in conduct intended to hinder, delay and defraud creditors by transferring his interests in real property to a friend for no consideration.[1] The Trustee's adversary proceeding is pending.

12. One of Defendant's former tax clients alleges that, within one year of the Petition Date, Defendant orchestrated a tax avoidance scheme. Specifically, Faisal Rehman alleges that, on or about June 12, 2024, Defendant offered Mr. Rehman the opportunity to purchase net operating losses from an entity called R. Equity Holdings in exchange for future tax benefits.

13. Based on Defendant's representations that he would transfer interests in the company to Mr. Rehman, on June 14, 2024, Mr. Rehman transferred $29,306.28 to ZAG. Defendant did not complete the transaction and refused to return Mr. Rehman's funds. Defendant filed chapter 7 shortly thereafter.

### B. Defendant Does Not Cooperate In Discovery And Fails To Comply With An Order To Produce Documents.

14. The U.S. Trustee sought discovery of these pre-petition transactions, including ZAG's business records. The U.S. Trustee asked Defendant to provide certain financial information on April 7, 2025. A true and correct copy of the request for financial information is attached hereto as ***Exhibit 1***. Although Defendant's Counsel confirmed receipt of the request, Defendant did not produce documents.

15. In addition to document requests, the U.S. Trustee's Counsel attended the meeting of creditors to examine Defendant. Defendant did not appear at his June 11, 2025 meeting of creditors.

16. Defendant's failure to cooperate prompted the U.S. Trustee to obtain an order compelling the production of documents. An order was entered on August 13, 2025 requiring Defendant to produce

---

[1] *See Lynda Bui v. Robert Vernon Hill dba Zachary Advisory Group*, 6:25-ap-01074-RB.

documents responsive to several requests for production ("Rule 2004 Order"). True and correct copies of the Rule 2004 Order and document request are attached hereto as **Exhibit 2**.

17. The Rule 2004 Order required, among other things, Defendant to produce ZAG's bank statements, tax returns, and financial statements and Defendant's personal financial records. Defendant asked for an extension of the Rule 2004 Order's deadline to produce documents from August 29, 2025 to October 20, 2025. The U.S. Trustee agreed to the extension.

18. To date, Defendant has not produced documents and has failed to comply with the Rule 2004 Order.

19. The U.S. Trustee is unable to ascertain Defendant's material pre-petition transactions.

## FIRST CLAIM FOR RELIEF
### (Denial of Discharge Under 11 U.S.C. § 727(a)(6))

20. The U.S. Trustee re-alleges and incorporates herein by reference each of the allegations in paragraphs 1 through 19, as though fully set forth herein.

21. 11 U.S.C. § 727(a)(6) requires a court to deny a discharge where a debtor has refused, in the case, to obey any lawful order of the court, other than an order to respond to a material question or to testify.

22. The Court entered the Rule 2004 Order compelling Defendant to produce documents responsive to multiple document requests, including bank statements, tax returns, financial statements and related business records for ZAG.

23. Defendant was aware of the Rule 2004 Order and despite multiple extensions, failed to comply. Defendant's failure to comply was intentional and not the result of mere advertence or mistake.

24. The Court should deny each Defendant's discharge under 11 U.S.C. § 727(a)(6).

## SECOND CLAIM FOR RELIEF
### (Denial of Discharge Under 11 U.S.C. § 727(a)(3))

25. The U.S. Trustee re-alleges and incorporates herein by reference each of the allegations in paragraphs 1 through 24, as though fully set forth herein.

26. 11 U.S.C. § 727(a)(3) requires a court to deny a discharge when a debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

27. 11 U.S.C. § 727(a)(3) imposes an affirmative duty on a debtor to create books and records accurately documenting his or her business affairs. *Caneva v. Sun Communities Operating Limited Partnership*, 550 F.3d 755,762 (9th Cir. 2008).

28. A debtor must present sufficient written evidence to enable his or her creditors reasonably to ascertain the present financial condition of a debtor and to follow the debtor's business transactions for a reasonable period in the past. *See id*. at 761.

29. Defendant has concealed or failed to keep or preserve information from which his financial condition can be ascertained. His concealment or failure to keep or preserve recorded information is not justified under the circumstances of this case.

30. The Court should deny Defendant's discharge under 11 U.S.C. § 727(a)(3).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth herein below:

### THIRD CLAIM FOR RELIEF
### (Denial of Discharge Under 11 U.S.C. § 727(a)(5))

31. The U.S. Trustee re-alleges and incorporates herein by reference each of the allegations in paragraphs 1 through 30, as though fully set forth herein.

32. 11 U.S.C. § 727(a)(5) requires a court to deny a discharge where a debtor "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).

33. To establish a claim under 11 U.S.C. § 727(a)(5), a plaintiff needs to establish three elements: (1) the debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

34.  Within one year of the Petition Date, Defendant induced Mr. Rehman to pay $29,306.28 to ZAG based on false representations. Defendant did not possess Mr. Rehman's funds on the Petition Date and the schedules do not reflect the disposition of the funds. Defendant has not explained or produced documents of how he used Mr. Rehman's funds.

35.  The Court should deny Defendant's discharge under 11 U.S.C. § 727(a)(5).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth herein below:

### PRAYER FOR RELIEF

A.  That the court deny Defendant's discharge pursuant to 11 U.S.C. § 727(a);

B.  For costs of suit and attorney's fees as allowed by law incurred herein; and

C.  For such other and further relief as the court deems just and proper.

Dated: November 14, 2025

UNITED STATES TRUSTEE FOR
THE CENTRAL DISTRICT OF CALIFORNIA,
REGION 16

By:   /s/ Everett L. Green
      Everett L. Green
      Trial Attorney

# Exhibit 1



**U.S. Department of Justice**

*United States Trustee, Region 16,
Central District of California*

3810 University Ave., Suite 720
Riverside, California 92501
Tel: (951) 276-6990  Fax: (951) 276-6973

___

April 7, 2025

**VIA EMAIL**
Julie Villalobos, Esq
Oaktree Law
3355 Cerritos Avenue
Los Alamitos, CA 90720
Email: julie@oaktreelaw.com

> **Re:**   **Robert Vernon Hill, Jr.,**
> **Bankruptcy Case No. 6:25-bk-10653-MH**

Dear Ms. Villalobos:

    In accordance with Sections 707 & 727 of the Bankruptcy Code, the United States Trustee reviews bankruptcy petitions and schedules to ensure that they are accurate. In connection with our review of your client's chapter 7 case, please respond to the following inquiries and/or requests:

1. **Tax Returns.** Please provide the debtor's federal and state tax returns for 2021, 2022, 2023, and 2024 including W-2 Forms, K-1s, 1099 Forms, and any other forms related to income for these tax years.

2. **Earnings Statements**. All documents reflecting income the debtor earned from January 1, 2020 to March 31, 2025.

3. **Business Tax Returns.** Provide complete copies of federal and state tax returns for 2021, 2022, 2023, and 2024 for all businesses the debtor owned, operated, or held an interests, including but not limited to Zachary Advisory Group. Include all schedules and attachments, and any other forms related to income for these tax years.

4. **Bank Account Statements.** Produce complete copies of bank accounts statements for all accounts reported on Schedule A/B or any financial account in which the debtor held an interest, control or use in any capacity from January 1, 2021 to March 31, 2025.

5. **Business Bank Account Statements.** Produce complete copies of bank account statements for all businesses the debtors owned, operated, or held interests from January 1, 2021 to March 31, 2025.

6. **Business Financial Statements.** Provide financial statements for 2021, 2022, 2023, 2024, and 2025 for all businesses the debtor owned or operated.

7. **Litigation Documents.** Provide copies of the most recent complaint, answer, docket or register of actions, and, if applicable, judgments, for all matters reported in response to question 9 of the Statement of Financial Affairs.

8. **Judgment Creditors.** Copies of the judgments and documents relating to the debt owed to judgment creditors 4.8 and 4.10 of amended Schedule E/F.

The debtor's response should also address any special circumstances or issues that are not readily apparent from the Schedules and Statement of Financial Affairs. It is important for the United States Trustee to have a complete understanding of the debtors' financial picture to properly evaluate this case. Please note this production of documents does not waive the debtor's obligation to provide the Chapter 7 Trustee with the documents required pursuant to 11 U.S.C. § 521(e)(2).

Please provide the documents or a written response to this office on or before *April 28, 2025*. The debtors may mail the documents to the address listed above or email the documents to my email address, Everett.L.Green@usdoj.gov. Thank you for your prompt response.

Very truly yours,

*Everett L. Green*
Everett L. Green

Cc:    Chapter 7 Trustee, Lynda Bui (via email)

# Exhibit 2

PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-2804
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

FILED & ENTERED

AUG 13 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY hawkinso DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

In re:

ROBERT VERNON HILL, JR.,

Debtor.

Case No. 6:25-bk-10653-RB

Chapter 7

**ORDER APPROVING STIPULATION BETWEEN UNITED STATES TRUSTEE AND DEBTOR TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL BANKRUPTCY RULE 2004-1**

[No Hearing Required Pursuant to LBR 9013-1(p)]

The court reviewed the Stipulation Between United States Trustee and Debtor to Produce Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule of Procedure 2004-1 ("Stipulation") filed on August 11, 2025 as docket number 72 by Peter C. Anderson, the United States Trustee for the Central District of California, Region 16.

//

//

//

1  Based upon the Stipulation and good cause appearing therefor,

2  **IT IS HEREBY ORDERED** that the Stipulaiton is approved and the debtor shall produce

3  documents responsive to the document request attached to the supporting declaration by August 29, 2025.

4  ###

Date: August 13, 2025

*Magdalena Reyes Bordeaux*
Magdalena Reyes Bordeaux
United States Bankruptcy Judge

## DOCUMENT REQUEST

### INSTRUCTIONS

A. Capitalized terms are defined in the next section.

B. Each request contained herein extends to any DOCUMENTS in YOUR possession, custody, or control. A DOCUMENT is deemed to be in YOUR possession, custody, or control, (1) if it is in YOUR physical custody, or (2) if it is in the physical custody of any other entity and YOU have a right by contract, statute, or law to inspect, examine, request, or copy such DOCUMENT on any terms. Such DOCUMENTS shall include, without limitations, DOCUMENTS that are in the custody of YOUR attorneys or other agents.

C. When responding to the demand for production of a DOCUMENT, YOU are requested to respond in writing and state as to each of the Requests for Production;

    (i) that there are such DOCUMENTS, and they will be produced;

    (ii) that there are such DOCUMENTS, that they have been already produced and identify the documents that have been produced;

    (iii) that there are such DOCUMENTS, but you refuse to produce them because of a claim of privilege, or for some other reason; or

    (iv) that there are no such DOCUMENTS as requested by the particular request.

D. If a claim of privilege is asserted as to the production of any DOCUMENT which falls within the Requests for Production specified below, please state as to each DOCUMENTS the following information:

    (i) the privilege claimed;

    (ii) the basis of the privileged claimed;

    (iii) the nature of the DOCUMENT, e.g., letter, bank statement, etc.;

    (iv) the date the DOCUMENT bears;

    (v) the identity of each individual or entity to whom the DOCUMENT was sent and/or who are shown to the DOCUMENT as receiving copies;

    (vi) a statement of the subject matter of the DOCUMENT; and

    (vii) a precise description of the place where the DOCUMENT is presently kept.

E. If any DOCUMENT requested is unavailable or destroyed, list each such DOCUMENT and describe when and why it was destroyed, or why it is unavailable.

F. If a DOCUMENT exists only within the memory of a computer or computer disc, a copy of that data should be produced in machine-readable form, and a "hard" copy of the DOCUMENT should be printed and produced.

G. Wherever used herein, the singular shall include the plural and vice versa, whenever such construction results in a broader request for information.

H. The words "and", "or", and "and/or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly necessary to bring within the scope of these Requests for Production those responses that might otherwise by construed to be outside the scope.

**DEFINITIONS**

A. "DOCUMENT" or "DOCUMENTS" is used in the broadest sense possible and includes, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand: billing statements, invoices, fee statements, any and all requests for payment, papers; books; letters; tangible things; records; correspondence; e-mails; electronic COMMUNICATIONS; postings on the Internet; telegrams; cables; telex messages; memoranda; diaries; reports; notes; notations; work papers; financial records; COMMUNICATIONS; summaries; transcripts; records of conversations; interviews; meetings; telephone conversations or conferences; minutes; audio or videotapes; cassettes or disks; contracts; agreements; business records; books of account; ledgers; journals; checks, receipts; invoices; financial statements; and any writings as defined by Rule 1001 of the Federal Rules of Evidence. DOCUMENTS also means and includes bank statements, monthly checking and saving account statements, deposit slips, withdrawals, cancelled checks, pay advices, pay check stubs and invoices, tax returns and reports sent to the Internal Revenue Service, the California Franchise Tax Board or the taxing authority of any state where the debtors reside, all documents purporting to create liens, mortgages, security agreements, pledges, or other encumbrances on real or personal property, any lists of real property owned or leased.

B.  "COMMUNICATION" means and includes all oral and written communications of any nature, type, or kind, including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, memoranda, and any other medium through which any information is conveyed, transmitted, or memorialized.

C.  "CONCERNING" means and includes, relating to, regarding, bearing upon, supporting, summarizing, alluding to, depicting, involving, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying or in any way pertaining to.

D.  "YOU" or "YOUR" means Robert Vernon Hill, Jr. as well as each person, agent, representative, servant, employee, attorney, or accountant acting or purporting to act on YOUR behalf.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NUMBER 1**

All DOCUMENTS CONCERNING YOUR salary, compensation, or funds of any source received by YOU from January 1, 2019 to August 1, 2025.

**REQUEST FOR PRODUCTION NUMBER 2**

Bank statements for all accounts YOU owned or used from January 1, 2019 to August 1, 2025.

**REQUEST FOR PRODUCTION NUMBER 3**

YOUR federal and state tax returns for 2019, 2020, 2021, 2022, 2023, and 2024 and all attachments and forms.

**REQUEST FOR PRODUCTION NUMBER 4**

Federal and state tax returns for 2019, 2020, 2021, 2022, 2023, and 2024 for all businesses YOU owned, operated, or held interests, including but not limited to Zachary Advisory Group and Butler Aspen Inc.

**REQUEST FOR PRODUCTION NUMBER 5**

Bank statements for any business that YOU owned, operated, held interests, or served as an officer or director or incorporator from January 1, 2019 to August 1, 2025.

**REQUESTS FOR PRODUCTION NUMBER 6**

DOCUMENTS CONCERNING income, revenue, and expenses including but limited to financial statements, profit and loss statements, and cash flow statements for all businesses YOU owned, operated, held interests, or served as an officer or director or incorporator from January 1, 2019 to August 1, 2025.

**REQUESTS FOR PRODUCTION NUMBER 7**

DOCUMENTS of accounts receivables, including a list of clients, for Zachary Advisory Group, Butler Aspen, Inc. or any other entity that YOU own, operate, control, hold interests in, or serve as an officer or director from January 1, 2019 to August 1, 2025.

**REQUESTS FOR PRODUCTION NUMBER 8**

Credit card statements and/or charge account held, used, or maintained by YOU individually and/or jointly with any other or others, or any other accounts YOU were or are authorized to charge purchases to the accounts of another person or entity (regardless of whether or not the account or accounts have been closed), from January 1, 2019 to August 1, 2025.

**REQUESTS FOR PRODUCTION NUMBER 9**

Credit card statements for Zachary Advisory Group and Butler Aspen and any entity that YOU owned, operated, or served as a member, shareholder, or officer or director from January 1, 2019 to August 1, 2025.

**REQUESTS FOR PRODUCTION NUMBER 10**

All DOCUMENTS CONCERNING the formation of R. Equity Holdings, a Nevada or California entity, including but not limited to management agreements.

**REQUESTS FOR PRODUCTION NUMBER 11**

All DOCUMENTS of COMMUNICATIONS, including e-mail correspondence, between YOU and any third-party CONCERNING R. Equity Holdings, a Nevada or California entity.

**REQUESTS FOR PRODUCTION NUMBER 12**

All DOCUMENTS CONCERNING YOUR or Zachary Advisory Group's receipt and expenditure of funds from Faisal Rehman on or about June 14, 2024.

**REQUESTS FOR PRODUCTION NUMBER 13**

All DOCUMENTS of COMMUNICATIONS, including e-mail correspondence, between YOU and any third-party CONCERNING YOUR or Zachary Advisory Group's receipt and expenditure of funds from Faisal Rehman on or about June 14, 2024.

**REQUESTS FOR PRODUCTION NUMBER 14**

A public records search indicates that YOU serve as a member or officer of multiple California entities. Produce all DOCUMENTS CONCERNING entities that YOU own, control or serve as an officer or director or incorporator from January 1, 2019 to August 1, 2025.

###

**B1040 (FORM 1040) (12/15)**

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>U.S. Trustee for the Central District of California, Region 16 | **DEFENDANTS**<br>Robert Vernon Hill, Jr. dba Zachary Advisory Group |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Everett L. Green, Esq.<br>Office of U.S. Trustee - 3801 University Ave., Ste. 720<br>Riverside, CA 92501   T: (951) 276-6990 | **ATTORNEYS** (If Known)<br>Julie J. Villalobos, Esq.<br>Oaktree Law - 3355 Cerritos Ave. Los Alamitos, CA 90720<br>T: (562) 741-3938 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to deny discharge under 11 U.S.C. 727(a).

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☒ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>(other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTORS<br>Robert Vernon Hill, Jr. dba Zachary Advisory Group | BANKRUPTCY CASE NO.<br>6:25-bk-10653-RB ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Magdalena Reyes Bordeaux |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF<br>See attached. | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Everett L. Green*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| November 14, 2025 | Everett L. Green |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Related Adversary Proceedings | | | | | |
|---|---|---|---|---|---|
| **Plaintiff** | **Defendant** | **Adversary Proceeding No.** | **District in which Adversary is Pending** | **Division Office** | **Name of Judge** |
| Judgment Recovery Assistance, LLC | Robert Vernon Hill Jr., dba Zachory Advisory Group | 6:25-ap-01076 | Central | Riverside | Hon. Magdalena Reyes Bordeaux |
| Lynda T. Bui, Chapter 7 Trustee | Robert Vernon Hill Jr., dba Zachory Advisory Group | 6:25-ap-01074 | Central | Riverside | Hon. Magdalena Reyes Bordeaux |